IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAIME SEGURA-GAMBOA,

    Movant-Defendant,

vs.                                                         Civ. No. 98-818 HB/LCS
                                                            Crim. No. 95-237 HB

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

Proposed Findings

1. This matter comes before the Court upon Movant-Defendant's (Movant) Motion for Extension of Time for a Direct Appeal; Request to Proceed In Forma Pauperis; and Request for Appointment of Appeals Counsel, filed July 6, 1998; and Movant's Motion for Copies of Plea of Guilty Transcripts and Sentence Transcripts, as [sic] Copies of All Reports From Doctors Regarding Movant [sic] Extensive Mental Disease or Defect, filed September 2, 1998.  The Court will treat the Movant's first motion as one brought under 28 U.S.C. §2255.  For discussion purposes, I will address the Movant's motion for transcripts and reports first.

A. Motion for Copies of Plea of Guilty Transcripts and Sentence Transcripts, as [sic] Copies of All Reports From Doctors Regarding Movant [sic] Extensive Mental Disease or Defect

    2. As the motion's title describes, the Movant is seeking free copies of transcripts relating to his guilty plea and sentencing; and free copies of doctors' reports concerning his mental disease. 28 U.S.C. §753(f) provides that "an indigent defendant is entitled to have the government pay the fees for a copy of transcript in a §2255 proceeding only if he demonstrates

1

that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). The §2255 issues relevant to the requests for transcripts and doctors' report are two-fold: 1) the Movant seeks a further sentence reduction under U.S.S.G. §5k2.13 for a diminished mental capacity; and 2) the Movant seeks a waiver from deportation because of his mental defect.

3. In this case, the district judge gave the Movant a seven point sentence reduction for his diminished mental capacity under U.S.S.G. §5k2.13. June 25, 1997 Sentencing Hearing Transcript at 9, filed August 14, 1998. Apparently, the Movant wants a further reduction in his sentence due to his diminished mental capacity. "The determination of whether a downward departure is warranted and the appropriate degree of departure is committed to the sound discretion of the trial judge." *United States v. Bromberg*, 933 F.2d 895, 897 (10th Cir. 1991). The Movant does not contend that the district judge violated the law or incorrectly applied the sentencing guidelines. Rather, the Movant seems to argue that the district judge abused his discretion by not granting a greater reduction in the sentence. This Court simply cannot review the district judge's discretionary decision to grant the Movant only a seven point reduction in his sentence. *See, id.* at 896-97. Consequently, the Movant's sentence reduction argument lacks merit.

4. The Movant also asserts that the district judge should not have sentenced him to deportation because of his mental defect. Contrary to the Movant's assertion, the Respondent-Defendant (USA) correctly notes that the district court does not have the authority to actually deport individuals. *United States v. Ruiz-Castro*, 92 F3d 1519, 1535 (10th Cir. 1996). Rather, under 18 U.S.C. §3583(d), the district court can "impose as a condition of supervised release that

a defendant be delivered to immigration officials for deportation proceedings consistent with the Immigration and Naturalization Act." *Id*. Moreover, since the Movant pled guilty and does not claim that the guilty plea was improper in any way, the Movant is eligible for deportation pursuant to 8 U.S.C. §1227(a)(2)(B)(i). For the above reasons, I find that the Movant's deportation argument is likewise without merit. Because I find that the Movant's sentence reduction and deportation arguments are both without merit regardless of any transcripts or doctor's reports, I recommend denying the Movant's request for the transcripts and reports. Moreover, I recommend dismissing with prejudice the sentence reduction and deportation grounds for the reasons stated *supra*.

B. The Movant's Remaining §2255 Ground

5. The Movant has one other ground in support of his §2255 motion: ineffective assistance of appellate counsel. The USA argues that the Movant's §2255 motion is procedurally barred from review by this Court because the Movant did not raise his §2255 issues on direct appeal. In fact, the Movant did not file any direct appeal from his criminal cause. "[A] defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error... A defendant may establish cause for procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995)(citations omitted).

6. In this situation, the Movant claims that he received ineffective assistance of counsel when he requested his appellate counsel to file a notice of appeal but appellate counsel failed to

do so.[1] This claim is in effect the Movant's assertion of cause and prejudice; his excuse for the procedural default of failing to file a notice of appeal. To prove his counsel rendered ineffective assistance in contravention of the Sixth Amendment, Movant must typically show that both: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687. However, "where a defendant claims that counsel was ineffective for failing to perfect an appeal, he must only satisfy the first prong of the Strickland test–that counsel's performance fell below an objective standard of reasonableness." *Romero v. Tansy*, 46 F.3d 1024, 1030 (10th Cir. 1995). The prejudice prong of the *Strickland* test is presumed. *Id*. In other words, the Court does not evaluate the merits of the arguments that a defendant might have raised on appeal. *Id*. "The Sixth Amendment's guarantee of effective counsel requires that counsel explain the advantages and disadvantages of an appeal, advise the defendant as to whether there are meritorious grounds for an appeal, and inquire whether the defendant wants to appeal his conviction. ... Counsel retains these obligations unless defendant executes a 'voluntary, knowing, and intelligent' waiver of his right to counsel on appeal." *Id*. at 1031(citations omitted). I find that an evidentiary hearing is warranted in this case to determine whether the Movant consented to a waiver of his right to appeal.[2] *See United States*

---

[1] The Movant raises for the first time in his reply brief, filed on October 5, 1998, several more instances of alleged ineffective assistance of counsel by the same appellate counsel but at the trial level. I assume that these late allegations are examples of issues that should have been raised on direct appeal. I will not address the merits of those allegations because of their untimeliness. *See, e.g., United States v. Hughes*, 970 F.2d 227, 235 n. 6 (7th Cir. 1992)(issues raised for the first time in a reply brief are waived).

[2] "Should the Court conclude at that hearing that petitioner was not properly advised of, or did not consent to, the waiver of his right to appeal, his right of appeal will be reinstated by vacating the existing sentence and reentering it, thus allowing him an opportunity to appeal from his sentence." *United States v. Ramos*, 971 F.Supp. 199, 206 n. 7 (E.D. Pa. 1997)(citation

*v. Ramos*, 971 F.Supp. 199, 206 (E.D. Pa. 1997). I also find that the Movant is entitled to have counsel appointed to represent him at the evidentiary hearing. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Recommended Disposition    I recommend denying the Movant's Motion for Copies of Plea of Guilty Transcripts and Sentence Transcripts, as [sic] Copies of All Reports From Doctors Regarding Movant [sic] Extensive Mental Disease or Defect; and dismissing with prejudice the §2255 sentence reduction and deportation grounds. I further recommend holding an evidentiary hearing to determine whether the Movant received effective assistance of appellate counsel and appointing counsel to represent the Movant at the evidentiary hearing. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge

---

omitted).